1

2

3

UNITED STATES DISTRICT COURT
4
WESTERN DISTRICT OF WASHINGTON
5                                          AT TACOMA

6    TRAVIS C. BAZE,

7                              Petitioner,          Case No. 3:17-cv-05706-BHS-TLF

8            v.                                     REPORT AND
                                                   RECOMMENDATION
9    RONALD HAYNES,
                                                   Noted for July 20, 2018
10                             Respondent.

11          This matter comes before the Court on petitioner's motion for stay and abeyance (Dkt.

12   15) regarding a petition for writ of *habeas corpus* under 28 U.S.C. § 2254 (Dkt. 3). Having

13   considered Mr. Baze's motion, and the remainder of the record,[1] for the reasons set forth below

14   the undersigned recommends that that motion be denied.

15                                          DISCUSSION

16          In his *habeas corpus* petition, Mr. Baze challenges the legality of his September 5, 2012

17   conviction for the crimes of first degree assault, robbery in the first degree, and felony murder in

18   the first degree, each with a deadly weapon enhancement. Dkt. 3. Mr. Baze alleges: "Juror Bias,

19   and the associated prosecutor misconduct, ineffective assistance of counsel, and abuse of

20   discretion, all related to [the] juror bias issue." *Id.* at p. 5.

21          The exhaustion of state court remedies is a prerequisite to the granting of a petition for

22   writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement

23

24   [1] Respondent has not filed any response to Mr. Baze's motion.

25

REPORT AND RECOMMENDATION - 1

1   by providing the highest state court with a full and fair opportunity to consider all claims before

2   presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v.*

3   *Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). It appears Mr. Baze has fully exhausted the claim he

4   raises in his *habeas corpus* petition. Dkt. 9, p. 4 (acknowledging that Mr. Baze fairly presented

5   his claim to the Washington State Supreme Court in a motion for discretionary review and has

6   therefore exhausted his state court remedies); *see also* Dkt. 10, Notice of Submission of Relevant

7   State Court Record, Exhibits 1-10. He may or may not have exhausted state remedies on the

8   double jeopardy claim, as well, but the Court is not presented with that claim.

9           Following Respondent's answer to his petition, Mr. Baze filed his motion for a stay and

10  abeyance "so he can exhaust his State Court remedies and amend his petition with the exhausted

11  claim." Dkt. 15, p. 1. The claim Mr. Baze refers to in his motion, however, is not the one he

12  raises in his *habeas corpus* petition—i.e., juror bias—but a double jeopardy claim (he also raised

13  a double jeopardy claim during the direct appeal of his conviction). *Id.* at pp. 1-2; Dkt. 3, pp. 2-3.

14          Specifically, Mr. Baze asserts that while his federal *habeas corpus* petition was pending

15  in this Court, he filed a motion pursuant to Washington Superior Court Criminal Rule (CrR)

16  7.8(b)(1) in Mason County Superior Court, "challenging the facial validity of his judgment and

17  sentence" due to the double jeopardy violation.[2] Dkt. 15, pp. 2-3. Mr. Baze further asserts that on

18  April 9, 2017, the Mason County Superior Court appointed counsel to represent him on the CrR

19  7.8(b)(1) motion. *Id.* at p. 3. Mr. Baze contends that while that motion is pending in state court,

20  this Court should stay his *habeas corpus* petition. *Id.*

21          Mr. Baze did not include his double jeopardy claim in his federal *habeas corpus* petition.

22

23  [2] CrR 7.8(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party from a final
    judgment, order, or proceeding for the following reasons: (1) Mistakes, inadvertence, surprise, excusable neglect or
24  irregularity in obtaining a judgment or order."

25

REPORT AND RECOMMENDATION - 2

*See* Dkt. 3 at 5; Dkt. 4. Further, petitioner has not provided the Court with any state court records showing whether his CrR 7.8(b)(1) motion is currently is pending, what exactly the nature of that motion is, or the status of any proceedings in the state courts.

Regardless, Mr. Baze failed to include the double jeopardy claim in his federal *habeas corpus* petition, therefore no unexhausted claim is pending in this Court. *Rhines v. Weber*, 544 U.S. 269, 278 (2005) ("[I]f a petitioner presents a district court with *a mixed petition* and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.").

<u>CONCLUSION</u>

For the foregoing reasons, the undersigned recommends Mr. Baze's motion for a stay and abeyance (Dkt. 15) be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("FRCP") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections. *See also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 20, 2018**, as noted in the caption.

Dated this 5th day of July, 2018.

*Theresa L. Fricke*
_____
Theresa L. Fricke
United States Magistrate Judge