UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRAVIS C. BAZE,<br><br>                Petitioner,<br>    v.<br>RONALD HAYNES,<br><br>                Respondent. | Case No. 3:17-cv-05706-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 9, 2018 |

This matter comes before the Court on petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 3), challenging the legality of his conviction for the crimes of assault, robbery, and murder, all in the first degree. Dkt. 10, Submission of Relevant State Court Record ("Record"), Exhibit 1, Judgment and Sentence, *State v. Baze*, Mason County Superior Court Cause No. 12-1-00123-5, p. 1. Petitioner presents the following ground for relief: denial of a fair trial due to "[j]uror [b]ias, and the associated prosecutor misconduct, ineffective assistance of counsel, and abuse of discretion, all related to juror bias issue" in violation of his Sixth and Fourteenth Amendment rights. Dkt. 3, pp. 5, 15-16.

Petitioner asserts that one of the jurors who decided his case made a biased statement to another prospective juror, Mr. Steve Lyman (Mr. Lyman was not a seated juror, but the juror who made the alleged comment was on the jury). Petitioner alleges that the juror commented to Mr. Lyman that "he felt if heroin had anything to do with this case that the defendant was guilty." Dkt. 3 at 16. This statement was allegedly made to Mr. Lyman during a break, outside

REPORT AND RECOMMENDATION - 1

the courtroom. *Id.* As further support for his habeas corpus petition, the petitioner submitted a letter (dated September 13, 2017) from Mr. Lyman. Dkt. 4 at 6.

Respondent has filed an answer to the petition and petitioner has filed a reply thereto, this matter is now ripe for the Court's review.[1] For the reasons set forth below, the undersigned recommends the petition be DISMISSED. Also for the reasons set forth below, the undersigned recommends that a certificate of appealability (COA) should be DENIED..

BACKGROUND

I.    Statement of Facts

The Washington Court of Appeals summarized the facts relevant to this matter as follows:

> On March 26, 2012, Baze drove Stephen Churchill to a park for an arranged drug deal with Shawn Morrow. When Morrow arrived, Churchill jumped out of the car and hit him in the head with a baseball bat. Morrow suffered severe head trauma and later died from his injuries.
>
> Detective Jeffrey Rhoades was the primary detective assigned to the investigation of Morrow's murder. On March 27, Rhoades interviewed Baze and Churchill ad Churchill's residence and arrested both of them. After being booked into jail, Baze gave a lengthy recorded interview to Rhoades and Detective Matt Ledford, in which Baze admitted his involvement in Morrow's assault. Baze also told Rhoades that Churchill took $45 from Morrow. Baze stated that he thought Churchill was going to "maybe rough [Morrow] up and take his money," but he did not know Churchill was going to beat Morrow in the head with a bat. After the assault, Churchill told Baze that he beat Morrow because Morrow had stolen from him.

Dkt. 10, Record, Exhibit 2, Opinion, *State v. Baze*, Washington Court of Appeals Cause No. 44168-3-II, pp. 1-2 (internal citation omitted).

---

[1] The undersigned notes that petitioner had filed a motion to stay and abey this matter, so he could return to state court to pursue an unexhausted double jeopardy claim. Dkt. 15. The Court rejected the motion, finding petitioner's habeas corpus petition did not include that unexhausted claim. Dkts. 16, 18. The Court informed petitioner, though, that if he filed a motion for leave to amend his petition to add the unexhausted claim, then he could present a mixed petition for consideration, and then properly move to stay and abey the amended petition. Dkt. 18, p. 2.

REPORT AND RECOMMENDATION - 2

II.  State Court Procedural History

Petitioner was convicted of the crimes of first degree assault, first degree robbery, and first degree murder, and sentenced to a total of 332 months in prison. Dkt. 10, Exhibit 1, p. 4. He appealed to the Washington Court of Appeals, and did not raise on direct appeal the issue that is now raised on federal habeas corpus. The Court of Appeals affirmed the convictions on March 31, 2015. *Id.*, Exhibit 2. Petitioner filed a petition for review with the Washington Supreme Court. *Id.,* Exhibit 9, pp. i, 1-2. On September 30, 2015, the Washington Supreme Court denied review. *Id.*, Exhibit 10. The Washington Court of Appeals issued its mandate on October 23, 2015. *Id.*, Exhibit 11.

Petitioner filed a personal restraint petition (PRP), which the Washington Court of Appeals dismissed on October 25, 2016. *Id.*, Exhibits 12-15. In his PRP, petitioner raised the issue that is now raised in his federal habeas corpus petition; he sought discretionary review with the Washington Supreme Court, raising three issues:

1.  Did the trial court err in impaneling of a biased jury denying petitioner his right to a fair trial by an impartial jury?

2.  Did the court of appeals err when it held there was no prosecutor misconduct?

3.  Did the court of appeals err when it ruled there was no ineffective assistance of counsel?

Dkt. 10, Record, Exhibit 16, pp. 1-2. The Washington Supreme Court denied review of petitioner's first PRP on June 23, 2017. Dkt. 10, Record, Exhibit 17. The Washington Court of Appeals issued the certificate of finality on August 30, 2017. *Id.*, Exhibit 18.

Petitioner filed a second PRP, raising an issue that is different from the issue now raised in his federal habeas corpus case. Dkt. 10, Record, Exhibit 19, p. 2. On April 17, 2017, the Washington Court of Appeals dismissed the second PRP as untimely. Dkt. 10, Exhibit 22.

REPORT AND RECOMMENDATION - 3

1  Petitioner did not seek further review, and the Washington Court of Appeals issued the

2  certificate of finality on August 18, 2017. *Id.*, Exhibit 23.

3  EXHAUSTION OF STATE COURT REMEDIES

4  Exhaustion of state court remedies is required in order for this court to consider the

5  petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion

6  requirement by providing the highest state court with a full and fair opportunity to consider all

7  claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971);

8  *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Here, petitioner fully and fairly raised

9  the claim – that he now presents for federal *habeas cor*pus review – in the motion for

10 discretionary review to the Washington Supreme Court, Dkt. 10, Exhibit 16, p. 1 (concerning his

11 first PRP), and thus has exhausted state court remedies.[4]

12 DISCUSSION

13 I.   Standard of Review

14 When a state court decides a claim on the merits, a federal court may grant habeas corpus

15 relief "only if the state court decision was contrary to, or involved an unreasonable application

16 of, clearly established Federal law, as determined by the Supreme Court of the United States," or

17 if the state court decision rests on "an unreasonable determination of the facts in light of the

18 evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1),(2); *Tamplin v. Muniz,*

19 894 F.3d 1076, 1082 (9th Cir. 2018). "[A] state court decision is contrary to [Supreme Court]

20 precedent if the state court arrives at a conclusion opposite to that reached by [the] Court on a

21 question of law. . . [or] if the state court confronts facts that are materially indistinguishable from

---

[4] Respondent also believes Mr. Baze has exhausted his state court remedies. Dt. 9, p. 4.

1  a relevant Supreme Court precedent and arrives at [the opposite] result. . . .*" Tamplin*, 894 F.3d

2  at 1082 (quoting *Williams v. Taylor,* 529 U.S. 362, 405 (2000)).

3        The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires the federal

4  district court to review the last reasoned state court opinion. *Visciotti v. Martel,* 862 F.3d 749,

5  760 (9th Cir. 2016). In this case, the last reasoned opinion is the Washington Supreme Court's

6  decision on the merits, denying the motion for discretionary review regarding the first personal

7  restraint petition. Dkt. 10, Record, Exhibit 17. The Washington State Court of Appeals also

8  decided this issue on the merits, but it was not the last state court to do so. *See Barker v.*

9  *Fleming,* 423 F.3d 1085, 1092-1093 (9th Cir. 2005) (the last reasoned state court decision is the

10  decision by the last state court to issue a decision on the merits – finally resolving the claim on

11  the substance of the law rather than basing its ruling on a rule that precludes state court review of

12  the merits).

13        A state court decision involves an "unreasonable application" of the Supreme Court's

14  clearly established precedent if: (1) the state court "identifies the correct governing legal rule"

15  from the Supreme Court's cases, "but unreasonably applies it to the facts" of the petitioner's

16  case; or (2) the state court "unreasonably extend[s] a legal principle" from the Supreme Court's

17  precedent "to a new context where it should not apply or unreasonably refuse[s] to extend that

18  principle to a new context where it should apply." *Williams*, 529 U.S. at 407; *Murray v. Schriro,*

19  745 F.3d 984, 997 (9th Cir. 2014). A state court's decision need not cite to the United States

20  Supreme Court's cases, as long as "neither the reasoning nor the result of the state-court decision

21  contradicts them." *Murray*, 745 F.3d at 998 (quoting *Early v. Packer,* 537 U.S. 3, 8 (2002) (per

22  curiam)).

23        This is a "'highly deferential standard," which "demands that state-court decisions be

24

25

REPORT AND RECOMMENDATION - 5

1  given the benefit of the doubt.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.'" *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 662, 664 (2004)). "[H]abeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment)). "As a condition for obtaining habeas corpus from a federal court," therefore, "a state prisoner must show that the state court's ruling on the claim being presented was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* at 103.

The error must have "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Katteakos v. United States*, 328 U.S. 750, 776 (1946)) (habeas petitioners "are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'") (quoting *United States v. Lane*, 474 U.S. 438, 449 (1986)).

Under 28 U.S.C. § 2254(d)(1), the federal court's review is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. at 181. The district court's review "focuses on what a state court knew and did," and the state court's decision is "measured against [the Supreme] Court's precedents as of 'the time the state court renders its decision.'" *Id.* at 182 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003)); *see also Greene v. Fisher*, 565 U.S. 34, 38 (2011). Factual challenges to a state court conviction may be categorized into two sets: (1) intrinsic review, where the state court decided

REPORT AND RECOMMENDATION - 6

the case on the merits and habeas corpus review is based entirely on the existing state court record; and (2) extrinsic review, where the state court did not reach the merits of the federal claim, and the petitioner seeks to introduce facts outside the existing state court record. *Murray v. Schriro,* 745 F.3d 984, 999-1000 (9th Cir. 2014). In the first category, the state-court findings are reviewed to determine whether the state court's decision was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2).

As to the first category, the federal court may consider evidence presented for the first time in federal court only if the petitioner shows by clear and convincing evidence that, considering only the evidence before the state court, the state court's factual determination was unreasonable, and the petitioner developed the factual basis of the claim in state court proceedings (or an exception applies under 28 U.S.C. 28 U.S.C. § 2254(e)(2)(A),(B)). *Crittenden v. Chappell,* 804 F.3d 998, 1010-1011 (9th Cir. 2015). As to the second category, petitioners may introduce new evidence in federal court if the state court did not reach the merits of the petitioner's claim, and therefore the federal court is conducting *de novo* review, as limited by 28 U.S.C. § 2254(e)(2). *Cullen v. Pinholster*, 563 U.S. at 186; *Murray*, 745 F.3d at 999-1000.

In addition, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (quoting *Lewis v. Jeffers*, 487 U.S. 764, 780 (1990)).

II. <u>The State Court's Decision to Reject Plaintiff's Jury Bias Claim Was Reasonable</u>

This case fits into the first category described above; the Washington Supreme Court addressed the merits of the petitioner's federal claim. Therefore, the state-court findings are reviewed to determine whether the state court's decision was "based on an unreasonable

1   determination of the facts." 28 U.S.C. § 2254(d)(2). The federal court may consider evidence

2   presented for the first time in federal court only if the petitioner shows by clear and convincing

3   evidence that, considering only the evidence before the state court, the state court's factual

4   determination was unreasonable, and the petitioner developed the factual basis of the claim in

5   state court proceedings (or an exception applies under 28 U.S.C. 28 U.S.C. § 2254(e)(2)(A),(B)).

6   *Crittenden v. Chappell,* 804 F.3d 998, 1010-1011 (9th Cir. 2015).

7         Petitioner argues that this Court should issue the writ of *habeas corpus* and remand his

8   case for a new trial. Dkt. 14 at 16. Petitioner has submitted a letter dated September 13, 2017

9   from Mr. Steve Lyman, and asserts the letter is new evidence the Court should consider. Dkt. 4

10  at 6-7, Dkt. 14 at 12. The Court should reject petitioner's argument because the Washington

11  Supreme Court reasonably applied the law, and the petitioner fails to overcome the presumption

12  of correctness for the state court factual determinations under 28 U.S.C. § 2254(d)(2), (e)(1)(2).

13        The Fourteenth Amendment guarantees the criminally accused the right to "a fair trial by

14  a panel of impartial, 'indifferent' jurors." *Turner v. State of La.*, 379 U.S. 466, 471 (1965); *In re*

15  *Murchison*, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due

16  process."). "The bias or prejudice of even a single juror" violates the right to a fair trial. *Dyer v.*

17  *Calderon*, 151 F.3d 970, 973 (9th Cir. 1998) (because "the presence of a biased juror introduces

18  a structural defect," it "cannot be harmless").

19        When a colorable claim of juror bias is presented, the trial court "must undertake an

20  investigation of the relevant facts and circumstances." *Dyer*, 151 F.3d at 974. "An informal in

21  camera hearing may be adequate for this purpose," since "due process requires only that all

22  parties be represented, and that the investigation be reasonably calculated to resolve the doubts

23  raised about the juror's impartiality." *Id.* at 974-75. So long as the Washington Supreme Court

24

25

REPORT AND RECOMMENDATION - 8

determined the facts based on a trial court fact-finding process that was "objective and reasonably explores the issues presented," those findings "are entitled to a presumption of correctness." *Id.* at 975.

The presumption of correctness is applied to the Washington Supreme Court's determination because it was made based on "extended voir dire proceedings" designed to identify biased jurors. *Patton v. Yount*, 467 U.S. 1025, 1038 (1984). The determination also is "essentially one of credibility, and therefore largely one of demeanor," and the resolution of such issues by the trial court is entitled to "special deference." *Id.*; *Uttecht v. Brown*, 551 U.S. 1, 9 (2007) ("Deference to the trial court is appropriate because it is in a position to assess the demeanor of the venire, and of the individuals who compose it, a factor of critical importance in assessing the attitude and qualifications of potential jurors.").

A trial court's findings of juror impartiality may be overturned "only for 'manifest error.'" *Mu'Min v. Virginia*, 500 U.S. 415, 428 (1991) (quoting *Patton*, 467 U.S. at 1031)). The question is whether there is "fair support" in the record for the court's conclusion that a juror would be impartial. *Patton¸* 467 U.S. at 1038. To set aside the presumption of correctness, facts that are left undeveloped by the state court must be "crucial", "vital", or "indespensible" to "a fair, rounded, development of the material facts." *Dyer*, 151 F.3d at 976 (quoting *Townsend v. Sain*, 372 U.S. 293, 321-21 (1963)). As *Dyer* further explains:

> What this means is that the evidence not discovered (that an adequate hearing *would* have discovered) must be so significant that a reasonable fact-finder could have decided the bias question differently if armed with this knowledge. In other words, there must be a material possibility that the judge would have made a different decision if he had been aware of the facts in question.

*Id.* (emphasis in the original). It is the party seeking exclusion of a potential juror who must demonstrate that juror lacks impartiality. *Wainwright v. Witt*, 469 U.S. 412, 423 (1985); *see also*

*Morgan v. Illinois*, 504 U.S. 719, 733 (1992).

The Washington Supreme Court found:

> Mr. Baze contends that the trial court erred and both counsel erred in not determining whether juror 9 wore an Oklahoma Sooners hat, which he claims would have corroborated Mr. Lyman's story. But the Court of Appeals correctly determined that Mr. Baze's claim is too speculative to warrant a reference hearing or other form of collateral relief. The trial court and counsel made a reasonable inquiry with juror 9 whom they believed to be the juror referenced in Mr. Lyman's letter because juror 9 had expressed concerns about heroin in jury voir dire. Juror 9 did not deny speaking with Mr. Lyman during a break but denied making the alleged remark, asserting that at most he made a remark similar to the one made in voir dire.

Dkt. 10, Record, Exhibit 17, p. 2.

Petitioner argues the Oklahoma Sooners hat was "a key identifying piece of clothing" that could identify the juror who made the statement. Dkt. 3, Petition, pp. 16-17. Petitioner also argues the trial judge and both counsel "speculated at best" that the juror Mr. Lyman referred to in his letter was Juror 9. *Id.* at p. 17. Petitioner argues the fact that Juror 9 denied making the statement clearly indicates he was not the juror Mr. Lyman referenced. *Id.* Lastly, petitioner argues the trial judge and both counsel failed to ask "the one key question" by which they could have determined if Juror 9 was the potentially biased juror: did he own an Oklahoma Sooners hat and was he wearing it during the break in voir dire? Dkt. 3, p. 18.

As noted above, a trial court's findings of juror impartiality may be overturned only for "manifest error". *Mu'Min*, 500 U.S. at 428. The undeveloped facts must be "crucial", "vital", or "indespensible" to a fair, rounded, development of the material facts. *Dyer*, 151 F.3d at 976. Accordingly, if there is "fair support" in the record for the Washington Supreme Court to uphold the lower courts' finding of impartiality, the presumption of correctness stands. *Patton¸*467 U.S. at 1038.

As respondent points out, Juror 9 denied making the statement to Mr. Lyman. Dkt. 10,

Record, Exhibit 24, Verbatim Report of Proceedings, Vol. II, *State v. Baze*, Mason County Cause No. 12-1-00123-5, at 115. Petitioner argues this is a misrepresentation of the record. Petitioner asserts Mr. Lewis, Juror 9, never admitted speaking with Mr. Lyman, but instead denied making *any* statement. But the actual trial court transcript shows otherwise:

> THE COURT: Mr. Lewis, I'm sorry to have to put you on the spot, but I did – received a letter – or excuse me, a note from somebody who wasn't on the jury, and what they raised was they said that during the break you had said that if heroin had anything to do with the case that they were guilty. And if you --
>
> JUROR NO. 9: No, I did not say that. I says I have a problem with drugs because of family and I do not respect drugs no which way. And I said that in the courtroom yesterday.

*Id.* at 115-116. Mr. Lewis did not deny making *any* statement, he denied making *that* statement, i.e., the statement Mr. Lyman referenced. Mr. Lewis did not deny, as petitioner seems to imply, speaking at all with Mr. Lyman, but just that particular statement. Mr. Lyman's letter dated September 13, 2017, may not be considered for the first time in federal court, because petitioner has not established by clear and convincing evidence that, considering only the evidence before the state court, the state court's factual determination was unreasonable; nor does the petitioner show any reason why he could not have further developed the factual basis of the claim in state court proceedings.

As for whether the trial court or either counsel were under any obligation to specifically ask Mr. Lewis about the Oklahoma Sooners hat, the undersigned finds that they were not. While a trial court may not remain idle when faced with evidence indicating "probable" juror bias (*Sims v. Rowland*, 414 F.3d 1148, 1156 (9th Cir. 2005)), this does not mean "that *any time* evidence of juror bias comes to light, due process requires the trial court to question the jurors alleged to have bias." *Tracey v. Palmeteer*, 341 F.3d 1037, 1044 (9th Cir. 2003) (emphasis in the original).

1    As just discussed, Mr. Lewis offered a clear and direct response to the trial court that he
2 did not make the statement Mr. Lyman referenced. Given that clear response, there was no need
3 to ask a further question about the Oklahoma Sooners hat. The determination by the trial court
4 and both counsel that Mr. Lewis was the juror in question thus had "fair support" in the record,
5 and it was not "manifest error" to inquire further. *Uttecht*, 551 U.S. at 9 (deference to the trial
6 court is appropriate because it is in a position to assess the juror's demeanor, a factor of critical
7 importance in assessing the juror's attitude and qualifications); *see also Noltie v. Peterson*, 9
8 F.3d 802, 807 (9th Cir. 1993) ("The trial judge properly may choose to believe those statements
9 that were the most fully articulated. . . . It is here that the federal court's deference must
10 operate.") (quoting *Patton*, 467 U.S. at F.3d 1039-40).

11   That determination is bolstered by the trial court and defense counsel obtaining from Mr.
12 Lewis the statement that he would be "fair and impartial" in regard to petitioner's trial. Dkt. 10,
13 Record, Exhibit 24, Verbatim Report of Proceedings, Vol. II, *State v. Baze*, Mason County Cause
14 No. 12-1-00123-5, at 116; *Patton*, 467 U.S. at 1036-37 (the question is "did a juror swear that he
15 could set aside any opinion he might hold and decide the case on the evidence, and should the
16 juror's protestation of impartiality have been believed"). As such, the undersigned finds
17 petitioner has not met his burden of showing the further inquiry he alleges the trial court and
18 counsel failed to pursue, would have produced facts "so significant that a reasonable fact-finder
19 could have decided the bias question differently if armed with this knowledge"; petitioner has
20 not shown that the determination of the Washington Supreme Court should be overturned. *Dyer*,
21 151 F.3d at 976; *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

22   For the foregoing reasons, the decision of the Washington Supreme Court was not
23 contrary to nor did it involve an unreasonable application of clearly established federal law, nor

was it based on an unreasonable determination of the facts in light of the evidence. This Court should dismiss the petition for habeas corpus under 28 U.S.C. § 2254(d)(1),(2) and *Cullen v. Pinholster*, 563 U.S. at 181.

## CERTIFICATE OF APPEALABILITY

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a Certificate Of Appealability (COA) should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of his constitutional claim or conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for

1  purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit,

2  the Clerk shall set this matter for consideration on **November 9, 2018**, as noted in the caption.

3      Dated this 23rd day of October, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 14